UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10320-GAO |
| | ) | |
| (1) JESSE GILLIS | ) | |
| Defendant. | ) | |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**O'TOOLE, D.J.**

WHEREAS, on November 9, 2016, a federal grand jury sitting in the District of Massachusetts returned a ten-count Indictment, charging defendant Jesse Gillis (the "Defendant"), with Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Count One); Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two, Five, Eight, and Nine); Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Three, Four, Six, and Seven); and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Ten);[1]

WHEREAS, the Indictment also included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853 which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses, including but not limited to the following:[2]

   a. Approximately $52,970 in U.S. currency seized from 100 Hano Street, Suites

---

[1] The Defendant was only charged in Counts One and Ten.
[2] Items a. through d. were forfeited by the Federal Bureau of Investigation through their administrative forfeiture process. Item e. was seized from a co-defendant in this case, and this defendant does not have an interest in this property.

#8, and #14, Allston, Massachusetts, on or about January 7, 2016;

b. Approximately $5,268 in U.S. currency seized from Metz, on or about January 7, 2016;

c. Approximately $537.74 seized from Wells Fargo Bank account number ending in 1161 on or about January 8, 2016;

d. Approximately $569.03 seized from Citizen's Bank account number ending in 3676;

e. Approximately $7,500 in U.S. currency seized on January 14, 2016, from a Priority Mail package addressed to Travis Castro bearing a return address of EPS, 100 Hano Street, Allston, Massachusetts; and

f. a money judgment in the amount of approximately $1,900,000 derived by the defendants from the distribution of controlled substances;

WHEREAS, the Indictment further included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Ten of the Indictment, of all right, title, and interest in any and all property involved in such offense in violation of 18 U.S.C § 1956 or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including but not limited to the assets listed in Paragraph above;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), also incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on March 8, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Ten of the Indictment, pursuant to a written plea agreement that he signed on the same day;

WHEREAS, in Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $500,000 in United States currency on the grounds that such amount constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses; and/or were involved in Defendant's offenses, as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on March 8, 2018, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $500,000 in United States currency, pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1);

WHEREAS, the amount of $500,000 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 21 U.S.C. § 846, and 18 U.S.C. § 1956(h); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $500,000 in United States currency, pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. 982(b)(1), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
GEORGE A. O'TOOLE
United States District Judge

Dated: 11/13/19